IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ANDREW MILLER,**

        **Petitioner,**

**v.**                                              **CIV 05-0912 MV/LAM**

**STANLEY MOYA, et al.,**

        **Respondents.**

# **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]**

**THIS MATTER** is before the Court on ***Respondents' Motion to Dismiss** (*hereinafter *"Motion to Dismiss")(Doc. 9)* and ***Respondents' Memorandum in Support of Motion to Dismiss With Prejudice*** (hereinafter *"Memo in Support") (Doc. 10)*, filed on October 19, 2005. Respondents also filed an ***Answer (Doc. 11)*** on October 19, 2005. On October 27, 2005, *pro se* Petitioner filed a ***Reply to Respondents' Answer and Memorandum in Support of Motion to Dismiss Petition With Prejudice*** (hereinafter *"Reply") (Doc. 13)*.

On August 26, 2005, Petitioner filed his petition under 28 U.S.C. § 2254 (***Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 By A Person In State Custody*** (hereinafter *"Application") (Doc. 1))* which applies to persons in state custody who are attacking the validity of a state court conviction. However, Petitioner is not arguing that his underlying conviction is invalid

---

[1]Within ten (10) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such Proposed Findings and Recommended Disposition with the Clerk of the United States District Court for the District of New Mexico, 333 Lomas Boulevard, N.W., Albuquerque, New Mexico 87102.  **A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the Proposed Findings and Recommended Disposition.  If no objections are filed, no appellate review will be allowed.**

but that the revocation of his probation and re-imprisonment violated his state and federal Constitutional rights to due process, equal protection of the law, and to be free from double jeopardy. A claim that attacks the duration of a petitioner's confinement or the execution of the sentence is a claim that should be pursued under 28 U.S.C. § 2241. *See Montez v. McKinna,* 208 F.3d 862, 865 *(*10th Cir. 2000) (An attack on the execution of a sentence is properly brought under § 2241); *United States v. Furman*, 112 F.3d 435, 438 (10th Cir. 1997) (Objections "concerning good-time credit and parole procedure, go to the execution of the sentence and, thus, should be brought against defendant's custodian under 28 U.S.C. § 2241.") Therefore, the Court will construe Petitioner's claims as though they were brought under § 2241.[2]

A habeas corpus claim brought under 28 U.S.C. § 2241 must show a violation of the Constitution of the United States in order for the prisoner to obtain relief. § 2241(c)(3). The Court has reviewed the *Application*, the parties' submissions, and relevant law. As set forth below, the Court **FINDS** that Petitioner's claims are without merit and **RECOMMENDS** that the *Motion to Dismiss* be **GRANTED**, the *Application* be **DENIED** and this **case dismissed with prejudice**.

### Factual and Procedural Background

Petitioner served his prison time and was released on parole on January 14, 2003 to serve two-years on parole (*Answer, Exhibit FF, Certificate of Parole, Bates # 90*) and to commence his five years of supervised probation as ordered by Judge Knowles when he sentenced Petitioner *(Answer, Exhibit A, Judgment, Partially Suspended Sentence and Commitment at Bates # 2).* By his own admission, Petitioner violated parole by failing to show up for a scheduled appointment with

---

[2]*See Roman-Nose v. N.M. Dep't of Human Servs.,* 967 F.2d 435, 437 (10th Cir. 1992) ('The characterization of the action and the claim for relief by a pro se litigant is not dispositive on the availability of relief in federal court.").

his parole officer *(Application, Doc. 1 at the second page; Answer, Exhibit R, Order and Commitment to Department of Corrections at Bates # 34)* and the officer filed a parole violation report with the parole board on May 19, 2003 *(Answer, Exhibit L, Order on Probation Violation Report at Bates # 28)*. On July 30, 2003, Petitioner was given a parole revocation hearing and on August 21, 2003 the parole board voted to revoke Petitioner's parole and send him to prison to complete his parole. *Application, Doc. 1 at the second page; Answer, Exhibit FF, State of New Mexico Adult Parole Board Memorandum, Bates # 93*. On October 28, 2003, Petitioner appeared before New Mexico Second Judicial District Judge Richard Knowles *(Answer, Exhibit R, Order and Commitment to Department of Corrections at Bates # 34-35)* pursuant to the state's "Motion to Revoke Probation" *(Answer, Exhibit M, Bates # 29)* and an "Addendum of [sic] Motion to Revoke Probation" *(Answer, Exhibit N, Bates # 30)* alleging that Petitioner had violated several conditions of his probation. Petitioner was represented by appointed counsel at the probation hearing. *Answer, Exhibit R, at Bates # 34*. Petitioner admitted violating the terms of parole and probation *(Answer, Exhibit R, Order and Commitment to Department of Corrections at Bates # 34; Application* at the second and third pages) and the district judge remanded Petitioner to the custody of the New Mexico Department of Corrections to serve the balance of his sentence. *Answer, Exhibit Q, Remand Order at Bates # 33, Exhibit R, Order and Commitment to Department of Corrections* at *Bates # 34-35*.[3]

---

[3]The Second Judicial District Court "Order and Commitment to Department of Corrections" states:

> Defendant is to serve two (2) years mandatory parole (unless previously served) and pay parole costs and fees.
>
> Defendant is to receive 5840 days credit for time served and 256 days credit (287 days minus 31 days when the defendant was declared to be an absconder) for time served on probation, leaving a balance of 1569 days.
> . . . .
>
> Upon completion of aforesaid confinement, the defendant shall receive an Unsatisfactory Discharge from probation.

On January 12, 2004, Petitioner filed a "Motion to Reconsider" with the Second Judicial Court, alleging new evidence. *Answer, Exhibit S, Bates # 36*. The district judge denied the motion and entered an order on February 24, 2004, which states "I am familiar with Mr. Miller's situation. I decline to modify his sentence." *Answer, Exhibit T, Order at Bates # 38-39*. On February 12, 2004, Petitioner filed a "Motion for Post Conviction Relief," alleging that his original sentence did not conform to sentencing guidelines and claiming errors in the revocation of his probation, including double jeopardy and lack of personal jurisdiction over him. *Answer, Exhibit U, Bates # 40-44*. This motion was denied on February 24, 2004, on the grounds that the "motion does not state a basis for relief." *Answer, Exhibit V, Order at Bates # 45-46*.

On March 19, 2004, Petitioner filed a "Petition for a Writ of Certiorari" with the New Mexico Supreme Court, alleging court error in denying his motion for post conviction relief without a hearing, trial court error in his original sentencing (double jeopardy), procedural due process violations during his probation revocation, constitutional violations against double jeopardy because both his parole and probation were revoked based on the same facts, and a due process violation for the failure to credit a portion of time served while on parole. *Answer, Exhibit W, Bates # 47-56*. On March 31, 2004, the New Mexico Supreme Court denied Petitioner's Petition for Writ of Certiorari. *Answer, Exhibit X, Order at Bates # 57*.

On June 9, 2004, Petitioner filed a "Petition for Writ of Mandamus" in the Supreme Court of New Mexico alleging that the New Mexico District Court failed to follow the law when revoking his parole and probation. *Answer, Exhibit Z, Bates # 61-64*. The New Mexico Supreme Court ordered a response to the petition for writ of mandamus. *Answer, Exhibit AA, Amended Order at*

---

*Answer, Exhibit R, Bates # 35*.

*Bates # 65.* On July 20, 2004, Respondent, the Honorable Richard J. Knowles filed an "Answer and Memorandum in Response to Petitioner's Petition for Writ of Mandamus and Request the Petition be Dismissed." *Answer, Exhibit CC, Bates # 68-76.* On July 30, 2004, Petitioner filed an "Amended Reply to Respondent's Answer Memoradum [sic] and Request for a Stay and Peremptory Writ in the Frist [sic] Instance." *Answer, Exhibit DD, Bates # 77-82.* On August 4, 2004, the New Mexico Supreme Court denied Petitioner's Petition for a Writ of Mandamus. *Answer, Exhibit EE, Bates # 83.*

On September 8, 2004, Petitioner filed a "Petition for Writ of Habeas Corpus" with the Second Judicial District Court of New Mexico, alleging that the sentencing court lacked statutory authority over Petitioner when it revoked his probation. *Answer, Exhibit FF, Bates # 84-94.* On September 8, 2004, the Second Judicial District Court granted Petitioner permission to proceed *in forma pauperis*, and denied his petition for habeas corpus. *Answer, Exhibit GG, Order on Petition for Writ of Habeas Corpus at Bates # 95-96.* The Court noted that

> Petitioner admitted he violated conditions of probation on October 1, 2003, and was later sentenced pursuant to his admission. None of these issues were reserved for appeal at the time of admission. Further, Petitioner is engaged in raising issues repeatedly that have been or should have been raised before now.

*Answer, Exhibit GG, Bates # 96.*

On September 22, 2004, Petitioner filed a "Petition for Writ of Certiorari" with the New Mexico Supreme Court *(Answer, Exhibit HH, Bates # 97-109)* alleging trial court errors in denying his petition for a writ of habeas corpus (including rulings that the issues raised had not been preserved for appeal, the issues should have or had been raised before, that the court failed to hold an evidentiary hearing, that the revocation of probation was without due process or statutory authority,

and the trial court judge erred in failing to recuse) and on October 7, 2004 the New Mexico Supreme Court denied the petition *(Answer, Exhibit II, Order at Bates # 110)*.

On August 26, 2005, Petitioner filed a timely *pro se* ***Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody*** *(Doc. 1)* in the United States District Court for the District of New Mexico, which the Court construes as a claim attacking the duration of confinement or the execution of a sentence that should be pursued under 28 U.S.C. § 2241.  Of the claims presented to the state courts, the three that Petitioner pursues here are: 1) that he was denied equal protection of the law when his probation was revoked without statutory authority; 2) that he was denied due process of law when his probation was revoked without statutory authority; and 3) that he was denied protection from double jeopardy when both his probation and parole were revoked using the same set of circumstances.  *Application, Doc. 1* at the third page.

Respondents answered and moved to dismiss on October 19, 2005.  *Docs. 9, 10, 11*.  Petitioner replied on October 27, 2005.  *Doc. 13*.

## **Standard of Review**

The federal statute governing applications for a writ of habeas corpus brought under 28 U.S.C. § 2241 states:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- -
> . . . .
>   (3) He is in custody in violation of the Constitution or laws or treaties of the United States;
> . . . .

Petitioner alleges he was denied his state and federal constitutional right to due process and equal protection of the law because his probation was revoked without statutory authority pursuant to NMSA § 31-20-5(B).  Petitioner also alleges he was denied his State and Federal Constitutional

rights against double jeopardy because both his parole and probation were revoked using the same set of circumstances and that the "punishment for each was disproportionate and distinctly different from each other." *Application, Doc. 1* at the third page.  Petitioner does not ask for specific relief, only that "the Court grant him such relief to which he may be entitled in this proceeding." *Id.* at the sixth page.

This Court's inquiry is restricted to a review of Petitioner's claim that he is in custody in violation of the Constitution of the United States. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.")  Thus, a claim that New Mexico courts misinterpreted New Mexico law is not grounds for habeas relief. *Scrivener v. Tansy*, 68 F.3d 1234, 1238 (10th Cir. 1995), *cert. denied*, 516 U.S. 1178 (1996).  Furthermore, there is no error under New Mexico state law when a district court concludes that, due to a probation violation, it should impose all or part of the suspended sentence. *State v. Baca*, 2005-NMCA-001, ¶ 15, 136 N.M. 667,  104 P.2d 533, *cert. denied*, 136 N.M. 665, 103 P.3d 1097 (2004) ("The sentencing court retains jurisdiction to revoke a suspended sentence for good cause shown at any time subsequent to the entry of judgment and prior to the expiration of the sentence.") *citing State v. Rivera*, 2004-NMSC-001, ¶ 21, 134 N.M. 768, 82 P.3d 939.  This Court will not review Petitioner's claims that the state acted without statutory authority.

During proceedings for parole revocation, a person is entitled to due process including a written notice of the claimed violation, disclosure of the evidence against the parolee, opportunity to be heard in person and to present evidence and witnesses; the limited right to confront and cross-

examine adverse witnesses; a "neutral and detached" hearing body; and a written statement of the evidence relied on and reasons for revoking parole. *Morrissey v. Brewer*, 408 U.S. 471, 488-489 (1972); *Gagnon v. Scarpelli,* 411 U.S. 778, 782 (1973) (extending *Morrissey's* due process requirements to probation revocations). In the "Plea and Disposition Agreement," signed by Petitioner on June 15, 1995, Petitioner was warned that "[i]f he violate[d] *probation or parole*, he may be incarcerated for the balance of the sentence." (emphasis added). *Answer, Exhibit B, Plea and Disposition Agreement, Bates # 4-6*. Petitioner was notified, through his defense counsel, that the state had filed a motion and an addendum to the motion to revoke his probation which included a list of the alleged violations. *Answer, Exhibit M, Motion to Revoke Probation, Bates # 29; Exhibit N, Addendum of* [sic] *Motion to Revoke Probation, Bates # 30*. In a court appearance, while appearing in person and represented by appointed counsel, Petitioner admitted violating the terms of parole and probation. *Application at second and third pages; Answer, Exhibit R, Order and Commitment to Department of Corrections, Bates # 34*. Thus, Petitioner was granted due process as he received notice of the probation violations and the evidence against him, appeared at the hearing in person, and because he admitted violating the terms of probation as charged in paragraph one of the "Motion to Revoke Probation" (*Answer, Exhibit M, Bates # 29)* there was no need for a hearing or to confront and cross-examine witnesses, or to present his evidence and witnesses.

     The equal protection clause is a guarantee that all persons subjected to state legislation shall be treated alike, under like circumstances and conditions. U.S.C.A. Const. Amend. XIV Sec.1. Petitioner has not presented any facts or authority to support his allegation of a denial of equal protection. Based on the undisputed facts above, the Court finds that Petitioner's due process rights and equal protection rights were not violated at his probation revocation hearing.

Petitioner alleges that his right to be free from double jeopardy was violated because both his parole and probation were revoked using the same set of circumstances, *i.e.*, failing to meet with his parole officer and his admitted violations of the conditions of probation. The Double Jeopardy Clause of the Constitution protects against subsequent criminal prosecutions for the same offense after either acquittal or conviction and protects against multiple punishments for the same offense. U.S.C.A. Const. Amend. V; *see Miranda v. Cooper,* 967 F.2d 392, 403 (10th Cir. 1992). A period of probation is part of the underlying sentence and imprisonment following revocation of probation is a modification of the original sentence. *United States v. Ruiz-Gea*, 340 F.3d 1181, 1186 (10th Cir. 2003) (concurring with Second Circuit decision in *United States v. Hidalgo-Macias,* 300 F.3d 281, 285 (2d Cir. 2002) that "the imposition of a sentence of imprisonment following revocation of probation is a modification of the original sentence . . ."). The Tenth Circuit has held "that double jeopardy would not bar a parole revocation hearing based on violations previously considered in a substantially identical hearing. *Kell v. United States Parole Comm'n*, 26 F.3d 1016, 1020 (10th Cir. 1994) citing *Turner v. United States Parole Comm'n*, 934 F.2d 254, 260 (10th Cir. 1991). "Parole determinations are not viewed as criminal punishment subject to the Double Jeopardy clause." *Kell,* 26 F.3d at 1020 citing *United States v. McGowan*, 960 F.2d 716, 718 (8th Cir. 1992); *United States v. Whitney*, 649 F.2d 296, 297 (5th Cir. 1981) ("[H]eld that the double jeopardy clause of the Fifth Amendment to the Constitution of the United States does not bar consideration of certain evidence in probation revocation proceedings where the same evidence has formed the basis for a previous parole revocation proceeding.") The Court finds that the proceedings revoking Petitioner's parole and probation, although based on the same set of circumstances (admitted violations), were not

subsequent criminal prosecutions subject to the Double Jeopardy Clause of the Constitution and, therefore, were not a violation of Petitioner's constitutional rights.

Petitioner does not allege that his original sentence was outside the statutory range, but upon revocation he argues that the separate hearing for parole and probation violations included "punishment for each [that] was disproportionate and distinctly different from each other." *Application, Doc. 1* at the third page. Upon revocation, Petitioner was to serve the balance of his sentence including two years of mandatory parole (unless previously served) and 1569 days (which allowed for 5840 days credit for time served and 256 days credit for time served on probation). *Answer, Exhibit R, Order and Commitment to Department of Corrections, Bates # 34-35.* Petitioner failed to show why this sentence is unauthorized by law or outside the statutory limits. The fact that the district court reinstated his original sentence as the result of a revocation does not amount to a violation of a constitutional right.

### Recommended Disposition

For the foregoing reasons, the Court recommends that *Respondents' Motion to Dismiss (Doc. 9)* be **GRANTED** and that Petitioner's *Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 By A Person In State Custody (Doc. 1),* which the Court construed as a petition under 28 U.S.C. § 2241, be **DENIED with prejudice.**

*/s/ Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**